**ESTATE OF Matthew CONSIDINE, Appellant**

v.

**WACHOVIA BANK and Robert E. Rozinski, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 28, 2008.

Filed Feb. 4, 2009.

**1150**

Steven G. Dubin, Southampton, for appellant.

Mark F. Himsworth, Lansdale, for Rozinski, appellee.

BEFORE: SHOGAN, KELLY, JJ, and McEWEN, P.J.E.

OPINION BY KELLY, J.:

¶ 1 The estate of Matthew Considine, Appellant, has filed an appeal from the order entered by the Court of Common Pleas of Montgomery County granting Appellee Robert Rozinski's motion for summary judgment. We quash, finding that we do not have jurisdiction to hear the appeal.

¶ 2 Matthew Considine died on May 23, 2000. On June 2, 2005, the administrator of his estate[1] filed a civil action in the Montgomery County Court of Common Pleas naming Wachovia Bank[2] and Appellee Robert E. Rozinski defendants. The complaint alleged that Appellee was unjustly enriched when his mother misappropriated funds from Considine's accounts in First Union Bank and deposited them into an account she jointly held with Appellee, and that Wachovia Bank, as successor in interest to First Union, was liable to the estate for the fraudulent withdrawals.

¶ 3 Wachovia was served with the complaint on June 16, 2005. On July 7th, Appellant notified Wachovia of his intention to seek a default judgment for the bank's failure to file a responsive pleading to the complaint. On August 2, 2005, a default judgment was entered and damages were awarded in the amount of $58,000. On August 11, 2005, Wachovia filed a petition to open the default judgment, to which Appellant filed a response on August 31st. No further action concerning Wachovia's petition occurred for almost two years.

¶ 4 Meanwhile, on July 15, 2005, Appellee filed preliminary objections to Appellant's original complaint for failure to name the proper party and for more specific pleading, which objections were both sustained. Thereafter, Appellant filed an amended complaint in which he corrected the caption and reiterated the allegations in the original complaint. After being served with the amended complaint, Appellee filed an answer in which he denied the allegations and raised new matter, asserting that the account he jointly held with his mother had not been opened until two years after the alleged misappropriation occurred. On January 26, 2007, Appellee filed a motion for summary judgment, arguing that Appellant's amended complaint failed to state a cognizable claim against him, and that Appellant could not produce any evidence which would raise a genuine issue of material fact.

1. The caption of the original complaint named the Estate of Matthew Considine rather than the administrator of the estate as plaintiff. *See Anderson Equipment Co. v. Huchber,* 456 Pa.Super. 535, 690 A.2d 1239, 1242 (1997) ("All actions that survive a decedent must be brought by or against the personal representative of a deceased estate and not in the name of a deceased person....").
As explained in the text below, the error was corrected in the amended complaint.

2. Wachovia is not a party to this appeal.

¶ 5 On August 13, 2007, while Appellee's motion for summary judgment and Wachovia's petition to open the default judgment were still pending, Appellant filed a praecipe for writ of execution against Wachovia. On August 28, 2007, apparently in response to the praecipe for writ of execution, Wachovia filed a praecipe for argument on its petition to open. Argument was scheduled for December 13, 2007.

¶ 6 On November 7, 2007, while Wachovia's petition was still pending, the trial court granted Appellee's motion for summary judgment.[3] Thereafter, on December 4, 2007, Appellant filed a notice of appeal from the trial court's order.

¶ 7 Because counsel for Wachovia had never entered his appearance, he was not informed that an argument on the petition to open had been scheduled, and did not appear at the scheduled hearing on December 13, 2007. His oversight was immediately brought to his attention, and he entered his appearance on December 14th. On April 1, 2008, the trial court finally ruled on Wachovia's petition to open, granting the petition to open the default judgment and ordering Wachovia to file an answer to the amended complaint.

¶ 8 Before we can address the merits of Appellant's appeal from the trial court's order granting summary judgment in favor of Appellee, we must determine whether we have jurisdiction. "[T]he appealability of an order directly implicates the jurisdiction of the court asked to review the order." *Mother's Rest., Inc. v. Krystkiewicz*, 861 A.2d 327, 331 (Pa.Su-per.2004). Accordingly, this Court has the power to inquire at any time, *sua sponte,* whether an order is appealable. *See Kulp v. Hrivnak,* 765 A.2d 796, 797 (Pa.Super.2000). "In this Commonwealth, an appeal may only be taken from: 1) a final order or one certified by the trial court as final; 2) an interlocutory order as of right; 3) an interlocutory order by permission; or 4) a collateral order." *Mother's Rest., supra,* at 331. Because neither party has raised the issue of jurisdiction and thus offered no explanation of whether or not the order is appealable, we will address each class of appealable orders to determine whether we have jurisdiction.

¶ 9 Under Pa.R.A.P. 341, parties have the right to file an appeal from a final order, defined as any order that: "(1) disposes of all claims and of all parties; (2) is expressly defined as a final order by statute; or (3) is entered as a final order pursuant to subdivision (c) of this rule." Pa.R.A.P. 341(a), (b)(1)-(3). Subdivision (c) provides in pertinent part:

> when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

**3.** The trial court granted Appellee's motion for summary judgment because Appellant failed to produce any evidence linking Appellee to the allegedly misappropriated funds. Although the evidence indicated that Appellee's mother transferred a substantial amount of money to a joint account she held with her daughter the day after the alleged misappropriation occurred, Appellant did not produce any evidence linking Appellee to that account. Furthermore, while Appellee and his mother opened a joint account two years after the alleged misappropriation occurred, Appellant adduced no evidence linking the funds deposited into that account with the account Appellee's mother held with her daughter.

Pa.R.A.P. 341(c). The note to Pa.R.A.P. 341 explains that "an order dismissing an action as to less than all plaintiffs or as to less than all defendants but leaving pending the action as to other plaintiffs and other defendants" is not "appealable as of right unless the trial court [ ] makes an express determination that an immediate appeal would facilitate resolution of the entire case and expressly enters a final order pursuant to Rule 341(c)[.]" Pa. R.A.P. 341, *Note.*

¶ 10 No statute defines an order granting summary judgment in favor of fewer than all defendants as final, and the trial court here did not expressly identify as final its November 7, 2007 order granting Appellee's motion for summary judgment. Accordingly, neither Pa.R.A.P. 341(b)(2) or (3) provides us with jurisdiction. We therefore must determine whether the trial court's order disposed "of all claims and of all parties," and thus whether Pa.R.A.P. 341(b)(1) provides us with jurisdiction, given that the order was entered after a default judgment had been entered against Wachovia but while a petition to open the judgment was still pending. In order to resolve the issue, we must address the legal significance of a default judgment.

 ¶ 11 Upon praecipe of the plaintiff, the prothonotary is required to enter a default judgment against the defendant for failure to file within the required time a responsive pleading to a complaint which contains a notice to defend. Pa.R.C.P. 1037(b). If the amount to which the plaintiff is entitled is a sum certain, the prothonotary must assess damages. Pa.R.C.P. 1037(b)(1). When a default judgment is entered by the prothonotary, the judgment is not instantaneously final, and the party against whom the judgment was entered cannot immediately appeal to this Court. Rather, the proper procedure for a party who wishes to contest a default judgment

is to file with the trial court a petition either to strike or open the default judgment. *See* Pa.R.C.P. 237.3; *Mother's Rest., supra,* at 336 ("To obtain relief from the entry of a default judgment, the law provides two distinct remedies. An aggrieved party may file a petition to strike the default judgment and/or a petition to open the default judgment.") (citations omitted). If a petition to open is filed within ten days of entry of the judgment and is accompanied by a proposed answer offering a meritorious defense, the court "shall" open the judgment. Pa.R.C.P. 237.3(b). In order to satisfy the meritorious defense requirement, the defendant need only plead a defense which, if proved at trial, would justify relief. *ABG Promotions v. Parkway Pub., Inc.,* 834 A.2d 613, 618 (Pa.Super.2003) (citing *Penn–Delco School Dist. v. Bell Atlantic–Pa, Inc.,* 745 A.2d 14, 19 (Pa.Super.1999), *appeal denied,* 568 Pa. 665, 795 A.2d 978 (2000)). Only after a default judgment becomes final do "all the general rules in regard to conclusiveness of judgments apply." *Morgan Guar. Trust Co. v. Staats,* 428 Pa.Super. 479, 631 A.2d 631, 638 (1993), *appeal dismissed,* 536 Pa. 628, 637 A.2d 288 (1994).

 ¶ 12 Here, a default judgment was entered against Wachovia on August 2, 2005, and a petition to open the judgment was filed on August 11, 2005. As such, the petition was clearly filed within ten days of entry of the order. In the proposed answer which accompanied its petition, Wachovia pleaded a statute of limitations defense and various substantive defenses, any of which would justify a decision in Wachovia's favor if proved at trial. Therefore, the trial court was required to open the default judgment; the fact that it had not yet ruled on the petition to open by the date it entered the order granting Appellee's motion for summary judgment does

not alter the fact that the default judgment against Wachovia was not yet final, and thus not conclusive. *See id.* Accordingly, we find that the trial court's order granting Appellee's motion for summary judgment did not "dispose of all claims and of all parties" because the claims involving Wachovia had not yet been disposed of, and thus Pa.R.A.P. 341(b)(1) does not provide us with jurisdiction. *See* Pa.R.A.P. 341(b)(1), *Note.* Having found that neither 341(b)(1), (2), or (3) provides us with jurisdiction to hear the instant appeal, we must determine whether any of the other rules addressing appealable orders provide this Court with jurisdiction.

 ¶ 13 Under Pa.R.A.P. 311, interlocutory appeals may be taken as of right from certain enumerated orders. However, orders granting summary judgment to one of multiple defendants are not identified under the rule. *See* Pa.R.A.P. 311. Accordingly, Pa.R.A.P. 311 does not provide this Court with jurisdiction.

¶ 14 Though not appealable as of right, appeals from interlocutory orders not enumerated at Pa.R.A.P. 311 may be taken by permission pursuant to the procedure set forth in chapter 13 of the Pa. R.A.P. *See* Pa.R.A.P. 312. Chapter 13 requires, *inter alia,* that the appellant file a petition seeking permission to appeal. Pa.R.A.P. 1311(b). Where an appellant seeking to appeal from an interlocutory order that is not appealable as of right fails to adhere to the procedure outlined in the rules, an appeal by permission is inappropriate. *See Patton v. Hanover Ins. Co.,* 417 Pa.Super. 351, 612 A.2d 517, 518 (1992). Here, Appellant did not file a petition seeking permission to appeal. Therefore, we may not grant Appellant permission to appeal. *See id.*

¶ 15 The only remaining possible basis for jurisdiction is a determination by this Court that the trial court's order granting summary judgment to Appellee was a collateral order. "An appeal may be taken as of right from a collateral order of ... a lower court." Pa.R.A.P. 313(a). A collateral order is defined as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa. R.A.P. 313(b). Because Appellant's claim will not be irreparably lost if review is postponed until the claims involving Wachovia are disposed of, we find that the trial court's order granting summary judgment in favor of Appellee was not a collateral order. Accordingly, we do not have jurisdiction to hear this appeal.

¶ 16 Appeal quashed.