J-A02037/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ELLEN L. JOHNSON, D.V.M., AND NORTHEAST PENNSYLVANIA EQUINE CLINIC, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| JACK STRANIERI, | |
| Appellant | No. 1331 MDA 2015 |

Appeal from the Order July 1, 2015
In the Court of Common Pleas of Susquehanna County
Civil Division at No(s): 2012-01855

BEFORE:  PANELLA, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED JANUARY 20, 2016**

*Pro se* Appellant, Jack Stranieri, appeals from the order entered in the Susquehanna County Court of Common Pleas granting summary judgment in favor of Appellees, Ellen L. Johnson, D.V.M., and Northeast Equine Clinic, LLC.  We quash the appeal.

The underlying facts are not pertinent to our disposition.  On July 1, 2015, the court granted the aforementioned motion for summary judgment, thereby dismissing Appellant's counterclaim.[1]  On July 31, 2015, Appellant filed a notice of appeal.  The court did not order Appellant to comply with

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The trial court has not yet adjudicated Appellees' claim.

Pa.R.A.P. 1925(b) and did not file a Rule 1925(a) opinion. Appellant raises the following issues on appeal:

> Whether the lower court committed harmful and palpable error when the court granted [Appellees], summary judgment in the [Appellees] favor and against [Appellant]?
>
> Whether [Appellees] failed to properly join an indispensable party Defendant, specifically, American Classic Thoroughbreds, LLC, to the civil action, as party Defendant?
>
> Whether the lower court committed harmful and palpable error when the court failed to dismiss the civil action against [Appellant] because he was not the proper party to the lawsuit, as American Classic Thoroughbreds was the real party in interest?

Appellant's Brief at 2.

As a prefatory matter, we consider whether this appeal should be quashed. "[T]his Court has the power to inquire at any time, *sua sponte*, whether an order is appealable." *Estate of Considine v. Wachovia Bank*, 966 A.2d 1148, 1151 (Pa. Super. 2009). Pennsylvania Rule of Appellate Procedure 341 defines a final order for purposes of appeal:

> **(a) General rule.** Except as prescribed in subdivisions (d), and (e) of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.
>
> **(b) Definition of final order.** A final order is any order that:
>
> (1) disposes of all claims and of all parties . . . .
>
> * * *

- 2 -

**(c) Determination of finality.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

Pa.R.A.P. 341(a)-(c). "The key inquiry in any determination of finality is whether there is an outstanding claim." ***Levitt v. Patrick***, 976 A.2d 581, 588 (Pa. Super. 2009) (citing Pa.R.A.P. 341).

In this case, Appellees have an outstanding claim against Appellant. Therefore, the court's order dismissing Appellant's counterclaim is not a final order for purposes of appeal. ***See*** Pa.R.A.P. 341(b)-(c); ***Levitt***, 976 A.2d at 588. Further, the trial court did not indicate "that an immediate appeal would facilitate resolution of the entire case." ***See*** Pa.R.A.P. 341(c). Accordingly, we quash because the appeal is interlocutory.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2016

- 3 -