J-S47042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TRIBECA LENDING CORP. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARY ANN PEARSON AND DAMIEN BOLAND | |
| Appellants | No. 1596 MDA 2015 |

Appeal from the Order Entered August 11, 2015
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 2009 CV 2570

BEFORE:  SHOGAN, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                  **FILED AUGUST 30, 2016**

Mary Ann Pearson and Damien Boland (collectively, Appellants) appeal from the order of the Court of Common Pleas of Lackawanna County entering final judgment in favor of Appellee, Tribeca Lending Corporation (Tribeca), in this ejectment action.  We quash.

Appellants own property located in Springbrook Township, Lackawanna County ("home lot/Lot 10"); Tribeca holds a $100,000 mortgage on the property. The loan is evidenced by a note dated August 30, 2005.  On November 2, 2007, Pearson conveyed, by deed, her interest in the home lot to Boland.  Pearson also holds title to two additional parcels, a "vacant lot"

(Lots 18 and 19) and an "additional vacant lot."[1]   On August 30, 2005, Pearson conveyed title to the vacant lot to Boland by quitclaim deed.  At the time that the Tribeca mortgage was executed in 2005, an outdated description for the vacant lot was referenced.

On April 20, 2009, Tribeca filed the instant action in ejectment against Appellants for all three parcels after Appellants defaulted on their mortgage and Tribeca foreclosed[2] and successfully bid on the home lot and vacant lot at a January 2009 sheriff sale.[3]    On January 4, 2010, Tribeca filed a motion for summary judgment.  Pearson filed a response to the motion, alleging, in part, that Tribeca did not acquire title to the home lot, but only to the vacant lot.  Pearson further contended that she and Boland had a "right to continued occupancy of the residential dwelling . . . which was conveyed free and clear of the mortgage upon which [Tribeca] foreclosed."  The court denied the summary judgment motion, finding that a controversy existed with regard to the extent of the real property subject to the

_____

[1] The description set forth in a 1982 deed of correction shifts the vacant lot to the southeast by several feet.  The discrepancy in the description of the vacant lot is referred to as the additional vacant lot which is contiguous with the vacant lot and the home lot.

[2] The mortgage foreclosure action is a separate action, docketed at No. 2007-03396 in the Court of Common Pleas of Lackawanna County.  It is not a part of the instant appeal.

[3] The sheriff's deed also conveyed the additional vacant lot to Tribeca since it held and had foreclosed on an equitable mortgage lien on the additional vacant lot.

- 2 -

mortgage lien and whether Tribeca acquired title to both the home lot and the vacant lot as a result of the mortgage foreclosure proceedings and acquisition of the sheriff's deed.

After the court granted leave, Tribeca filed an amended complaint in August 2013. On October 7, 2013, Appellants filed preliminary objections to Tribeca's amended complaint which the trial court sustained. Tribeca then filed a second amended complaint, on June 2, 2014, to which Appellants again filed preliminary objections. The court denied the preliminary objections on September 23, 2014, and ordered Appellants to file an answer to the second amended complaint. Appellants were also ordered to pay $2,000 in reasonable counsel fees, *see* 42 Pa.C.S.A. § 2503, for dilatory and vexatious conduct, as a result of the disposition of its preliminary objections filed in connection with the second amended complaint.

When Appellants filed their answer to Tribeca's second amended complaint after the court-ordered deadline, Tribeca filed a contempt petition against Appellants in January 2015. Following a March 2015 contempt hearing, which neither Appellant attended, the court found Appellants in contempt and ordered them to make full payment of $2,750 in counsel fees within five days. When Appellants failed to pay the ordered counsel fees, Tribeca filed a motion to strike Appellants' answer, new matter and counterclaim. After a hearing, held on April 23, 2015, the court granted Tribeca's motion. As a result of Appellants' answer being stricken, the Appellants were considered in default for failure to file a responsive pleading.

On August 11, 2015, Tribeca moved to have judgment entered in its favor with respect to Counts I (ejectment action – based on mortgage and sheriff's deed for home lot and vacant lot) and III (ejectment action – equitable mortgage lien on additional vacant lot) of its second amended complaint which the court granted.[4]  On the same date, the court entered a final judgment in favor of Tribeca against each defendant in the aggregate amount of $15,000, plus costs.  **See** Pa.R.C.P. 1051, 1057, and 1037.  This appeal follows.

On appeal, Appellants raise the following issues for our consideration:

(1)    Did the trial court err as a matter of law by overruling Boland/Pearson's (Appellants[']) preliminary objections?

(2)    Did Tribeca's (Appellee) second amended complaint contain errors of law?

(3)    Did the trial court err as a matter of law by ruling Boland/Pearson's preliminary objections to be "vexatious," and awarding attorney fees to Tribeca?

(4)    Did the trial court err as a matter of law by finding Boland/Pearson in contempt of court and striking Appellants' Answer, New Matter and Counter Claim?

---

[4] Count II of the second amended complaint set forth an action in ejectment (equitable mortgage lien on the home lot) based upon mistake, unjust enrichment, and estoppel principles.  Count II is an alternative form of relief to that alleged in Count I if "the Mortgage, and as a result, the Sheriff's Deed, do not adequately describe the Home Lot."  Second Amended Complaint, 6/2/14, at 18 ¶ 89.  While the general rule is that an order dismissing fewer than all counts of a multi-count complaint is interlocutory, **Praisner v. Stocker**, 459 A.2d 1255 (Pa. Super. 1983), because the court granted relief on Count I, Count II became moot.  Thus, we find the instant order final.  Pa.R.A.P. 341.

(5)     Did the trial court err as a matter of law by awarding a final judgment to Tribeca that enhanced the legal description of a property purchased at a Sheriff's Sale?

(6)     In an Ejectment Action, is Tribeca able to seek both "Possession of" and "Title to" two additional properties that were not included in a Sheriff's sale?

(7)     Can Tribeca seek damages for rents and profits from a time it did not have title to any property?

Before we may address Appellants' substantive claims, we must first discuss a procedural issue presented by the instant appeal. When Appellants failed to timely file their answer to Tribeca's second amended complaint, the court, upon praecipe by Tribeca, entered a Rule 1037 default judgment. **See** Pa.R.C.P. 1026(a)[5] (every pleading subsequent to complaint shall be filed within 20 days after service of preceding pleading, but no pleading need be filed unless preceding pleading contains notice to defend); Pa.R.C.P. 1037.[6] Appellants filed their notice of appeal from the trial court's August 11, 2015 order granting final judgment in favor of Tribeca pursuant to Rule 1037.

When a default judgment is entered, the judgment is not instantaneously final, and the party against whom the judgment was entered cannot immediately appeal to this Court. **Estate of Considine v.**

_____

[5] We note that "[e]xcept as otherwise provided . . . , the procedure in the action of ejectment shall be in accordance with rules relating to a civil action." Pa.R.C.P. 1051.

[6] Tribeca's second amended complaint contains a notice to defend. **See** Pa.R.C.P. 1018.1 (notice to defend; form).

- 5 -

***Wachovia Bank***, 966 A.2d 1148, 1152 (Pa. Super. 2009). Rather, the proper procedure for a party that wishes to contest a default judgment is to file with the trial court either a petition to strike or a petition to open the default judgment. ***Id.***; ***see also*** Pa.R.C.P. 237.3. Instantly, Appellants failed to file either a petition to open or strike the judgment entered against them. As a result, they did not follow the proper procedure to contest the judgment in the trial court prior to filing an appeal to this Court. ***See Estate of Considine***, ***supra*** at 1152 ("Only after a default judgment becomes final do 'all the general rules in regard to conclusiveness of judgments apply.'"). Accordingly, we must quash the appeal.

Appeal quashed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/2016

- 6 -