J-A20001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| M.R.S., JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| K.F.S. | : | |
| | : | |
| Appellee | : | No. 420 MDA 2017 |

Appeal from the Order Entered February 9, 2017
In the Court of Common Pleas of Cumberland County
Civil Division at No(s):  2016-03612

BEFORE:     GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:                **FILED AUGUST 08, 2017**

Appellant, M.R.S., Jr. ("Father"), appeals from the order entered in the Cumberland County Court of Common Pleas, which granted the emergency petition for special relief of Appellee K.F.S. ("Mother"), in this custody action. We quash the appeal.

The relevant facts and procedural history of this case are as follows. The parties are the natural parents of three minor children ("Children"), born in 2006, 2007, and 2012, respectively.  On June 24, 2016, Father filed a custody complaint seeking shared legal and partial physical custody of Children.  The parties attended a custody conciliation on August 8, 2016, after which they agreed to an interim custody order.  Per the agreement, the parties would share legal custody and Mother would have primary physical custody of Children, subject to Father's periods of partial physical custody

every other weekend, overnight Wednesdays in the summer, and Tuesday and Thursday evenings during the school year. The interim custody order states: "Father will insure that the children will attend church services and religious education classes during his period of custody." (Order, dated 8/8/16, at 1). On October 4, 2016, the parties attended another custody conciliation, after which they agreed that the August 8, 2016 order would remain in full effect subject to some minor clarifications regarding participation in a custody evaluation, the location of custody exchanges, and the custody schedule during Christmas.

On January 19, 2017, Mother filed an emergency petition for special relief claiming, *inter alia*, Father did not take the parties' two older Children to one of their scheduled Confraternity of Christian Doctrine ("CCD") classes and had contacted the Director of Children's church about changing Children's CCD schedule, so Children would not have to attend CCD during Father's custodial time. Mother's petition asked the court to clarify the August 8, 2016 interim custody order to ensure Children are able to continue their religious education at their current church. Alternatively, Mother asked the court to permit her to take Children to their CCD classes during Father's custodial time and return Children to Father at the end of class. Father filed a response on February 1, 2017. Following oral argument on February 9, 2017, the court granted Mother's petition, in an order that states:

> 1. The children shall continue to be raised in the Catholic faith.

> 2. If Father does not wish to promote the four remaining prescheduled CCD [classes], Father is to relinquish his periods of custody between 8:00 a.m. and 12:30 p.m.
>
> 3. In the event of the latter, Father will be given makeup custody on the next available Wednesday from arrival at home after school through a reasonable dinner hour.

(Order, dated 2/9/17, at 1).

On February 22, 2017, Father filed a petition for reconsideration challenging the language in paragraph 1 of the court's order stating: "The children shall continue to be raised in the Catholic faith." (*Id.*) Essentially, Father complained the language of the court's order was overly broad and infringed on his right to provide Children with religious exposure and instruction in a manner Father sees fit. Before the court ruled on Father's reconsideration motion, Father filed a notice of appeal and concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i).

On March 29, 2017, this Court issued a rule to show cause why the appeal should not be quashed as interlocutory, where the custody matter is still pending. Father responded on April 7, 2017, claiming the court's February 9, 2017 order constitutes a "final" order under these facts. Alternatively, Father alleged the appeal was proper under the collateral order doctrine. This Court discharged the rule on April 12, 2017, and deferred the issue to the merits panel.

Father raises the following issue for our review:

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION

> AND MISTAKENLY APPLIED THE LAW BY ORDERING THAT THE SUBJECT CHILDREN MUST BE RAISED IN THE CATHOLIC FAITH?

(Father's Brief at 4).

As a preliminary matter, "the appealability of an order directly implicates the jurisdiction of the court asked to review the order." *Estate of Considine v. Wachovia Bank*, 966 A.2d 1148, 1151 (Pa.Super. 2009). Pennsylvania law makes clear:

> [A]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).

*Stahl v. Redcay*, 897 A.2d 478, 485 (Pa.Super. 2006), *appeal denied*, 591 Pa. 704, 918 A.2d 747 (2007). A final order is one that disposes of all the parties and all the claims; or is entered as a final order pursuant to the trial court's determination under Rule 341(c). *See* Pa.R.A.P. 341(b)(1), (3).

"[A] custody order will be considered final and appealable only after the trial court has completed its hearings on the merits and the resultant order resolves the pending custody claims between the parties." *G.B. v. M.M.B.*, 670 A.2d 714, 715 (Pa.Super. 1996) (*en banc*). This Court has explained the rationale for requiring finality in custody matters as follows:

> [A] custody order will be considered final and appealable only if it is both: 1) entered after the court has completed its hearing on the merits; and 2) intended by the court to constitute a complete resolution of the custody claims pending between the parties. We conclude that this

holding will protect the child from the protraction of custody litigation through repetitive appeals while still allowing prompt and comprehensive review of custody determinations. It will also support judicial economy and efficiency and uphold the integrity of the trial court's process in deciding custody matters. On the one hand, to permit piecemeal appeals subjects the child to the uncertainties of ongoing litigation. A custody proceeding, whether on the trial or the appellate level, threatens a child's stability. On the other hand, a custody decision once finally made must be subject to review. Drawing a bright line by which finality may be determined will encourage judicial economy and efficiency by making it clear both to litigants and to trial courts when the appellate process may properly be invoked. Our holding also serves to uphold the integrity of the trial process by not interfering with the trial court's efforts to craft a final decision and by not permitting premature challenges to those efforts. In striking a balance between postponing and granting an appeal, we have attempted to serve primarily the best interests of the child.

*Id.* at 720-21 (holding mother's appeal from order granting father partial physical custody was non-final, interlocutory order where court had not completed custody hearings on merits and order was not intended to constitute complete resolution of ultimate issues between parties).

A collateral order is defined in Rule 313 as follows:

**Rule 313. Collateral Orders**

\* \* \*

**(b) Definition.** A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313(b). Our Supreme Court has explained:

- 5 -

> [T]he collateral order doctrine is a specialized practical application of the general rule that only final orders are appealable as of right. Thus, Rule 313 must be interpreted narrowly, and the requirements for an appealable collateral order remain stringent in order to prevent undue corrosion of the final order rule.

***Melvin v. Doe***, 575 Pa. 264, 272, 836 A.2d 42, 46-47 (2003). "To that end, each prong of the collateral order doctrine must be met before an order may be considered collateral." ***Id.*** at 272, 836 A.2d at 47.

"With regard to the first prong of the collateral order doctrine, an order is separable from the main cause of action if it is entirely distinct from the underlying issue in the case and if it can be resolved without an analysis of the merits of the underlying dispute." ***K.C. v. L.A.***, 633 Pa. 722, 729, 128 A.3d 774, 779 (2015) (internal citation and quotation marks omitted). Regarding the second prong, "a right is important if the interests that would go unprotected without immediate appeal are significant relative to the efficiency interests served by the final order rule." ***Id.*** at 730, 128 A.3d at 779. "[I]t is not sufficient that the issue under review is important to a particular party; it 'must involve rights deeply rooted in public policy going beyond the particular litigation at hand.'" ***Stahl, supra*** at 485 (quoting ***Melvin, supra*** at 272, 836 A.2d at 47). ***See also G.B., supra*** (holding mother's appeal from order granting father partial physical custody was not immediately reviewable under collateral order doctrine; although court's order touched upon important rights of all parties—children's right to be protected from potentially harmful situations, mother's right to protect her

children from contacts with father which mother perceives as harmful, and father's right not to be foreclosed from contact and communication with his children—court's interim order granting father partial physical custody was not separable from and collateral to main cause of action; rather, interim order was intertwined with ultimate issue in case—whether father should have partial physical custody of children; interim order was integral part of trial court's progress toward decision of ultimate issues in case and thus cannot be viewed as either separable from or collateral to proceedings in main cause of action). Concerning the third prong, whether a party's claims will be "irreparably lost" if review is postponed turns on the particular facts and circumstances of each case. *See K.C., supra*; *G.B., supra*.

Instantly, the record makes clear the court's February 9, 2017 order did not resolve all of the custody issues between the parties. The record indicates the parties have undergone custody evaluations but the evaluator has not yet issued a report. To date, no custody hearings on the merits have occurred. Further, the trial court's Rule 1925(a) opinion expressly states that the court granted Mother's emergency petition for special relief to preserve the *status quo* and contemplated further custody proceedings. Consequently, the court's February 9, 2017 order is not "final" for purposes of Rule 341. *See* Pa.R.A.P. 341(b); *G.B., supra*.

Additionally, the record in this case indicates that issues surrounding Children's religious education are important to the parties and will influence

- 7 -

the trial court's ultimate custody schedule. According to Mother, the parties verbally agreed Children would be raised Catholic. The court's February 9, 2017 order requiring Children to be raised Catholic and altering Father's custody schedule if he does not take Children to their scheduled CCD classes is therefore intertwined with the underlying issues in this custody matter, and is not entirely distinct from the main cause of action. *See* Pa.R.A.P. 313(b); *K.C., supra*; *G.B., supra*. Further, Father's challenge to the order will not be "irreparably lost" if Father awaits review from a final custody order.[1] Thus, the order Father appeals has failed to satisfy the collateral order doctrine.[2] *See* Pa.R.A.P. 313(b); *K.C., supra*; *G.B., supra*. Accordingly, we quash the appeal.

Appeal quashed. Case is stricken from argument list.

_____

[1] We observe Father's motion for reconsideration is still outstanding. The better recourse for Father at this juncture would be to pursue relief before the trial court on Father's open motion and ask the court to amend its February 9, 2017 order and limit the order to the precise relief sought in Mother's emergency petition for special relief, regarding CCD classes.

Father's reliance on *K.W. v. S.L.*, 157 A.3d 498 (Pa.Super. 2017) is misplaced. In *K.W.*, this Court decided an order granting third-party standing in a custody dispute qualified as a collateral order. The issue of standing was a preliminary jurisdictional question that this Court could decide as a matter of law. Unlike *K.W.*, this appeal does not involve a jurisdictional issue. Thus, *K.W.* is inapposite.

[2] Father makes no argument that the order appealed from was expressly entered as final by the trial court. *See* Pa.R.A.P. 341(b)(3), (c). Likewise, Father does not qualify the order on appeal as interlocutory as of right (*see* Pa.R.A.P. 311) or interlocutory by permission (*see* Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2017