J-A26029-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

JOHN MCDONALD, SR., AND JAMES J. PURMAN, IV  :  IN THE SUPERIOR COURT OF PENNSYLVANIA

Appellants  :

v.  :

:  No. 504 WDA 2018

CNX GAS COMPANY, LLC., BARRY L. MCCONNELL AND JEFFREY W. MCCONNELL  :

Appeal from the Order March 15, 2018
In the Court of Common Pleas of Greene County Civil Division at No(s):
No. A.D. 769, 2015

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY SHOGAN, J.:                FILED DECEMBER 10, 2018

John McDonald, Sr., and James J. Purman, IV, (collectively "Appellants"), appeal from the order entered on March 15, 2018, granting summary judgment in favor of CNX Gas Company, LLC., Barry L. McConnell, and Jeffrey W. McConnell (collectively "Appellees").  Following our review of the record, it is apparent that the order granting summary judgment does not dispose of all claims and all parties.  Accordingly, we quash this appeal and remand for further proceedings.

The trial court set forth the underlying facts and procedural history of this matter as follows:

According to the Complaint, [Appellant] McDonald is the owner of an undivided (90%) interest in 115+ acres located in Morris Township, Greene County, Pennsylvania.  [Appellant]

Purman owns a[n] undivided (10%) interest in 131+ acres located in Morris Township, Greene County, Pennsylvania. The Purman Land includes the McDonald Land.

The Complaint sets forth claims for Declaratory Relief, an Accounting, Trespass and Ejectment.

On December 14, 1977, Melvin M. McConnell and Hester L. McConnell entered into an Oil and Gas Lease with Consolidation Coal Company. [Appellees] Barry L. McConnell and Jeffrey W. McConnell are the heirs of the Lessors. [Appellee] CNX Gas Company, LLC, acquired the Lessee's interest in the Lease.

The primary term of the Lease is twenty-five years and can be extended by either (1) production or (2) drilling operations. Moreover, at the end of the primary term, the Lessee can elect to extend the Lease by an additional twenty-five years by paying the Lessor a renewal charge of $50.00 per acre. The Lease also grants specific rights to use the surface and allowed for unitizization [sic] with other properties.

On February 17, 1993, Melvin M. McConnell and Hester L. McConnell conveyed a 131+ acre tract to James F. Kern and Nancy L. Kern. The conveyance was subject to the 1977 Lease and the Grantors excepted and reserved from the conveyance all the oil and gas rentals and royalties associated with the Lease.

On November 15, 2002, Consolidation Coal Company exercised the option to extend the 1977 Lease. [Appellees] Barry McConnell and Jeffrey McConnell were issued checks in accordance with this option.

On June 18, 2003 James F. Kern and Nancy L. Kern conveyed the property to [Appellant] John H. McDonald, Sr. and John H. McDonald, Jr.

The conveyance was subject to the 1977 Lease and excepted and reserved all the oil and gas rentals and royalties from the 1977 Lease to the heirs of Melvin M. McConnell and Hester L. McConnell.

On March 26, 2005, [Appellant] John H. McDonald Sr. and John H. McDonald Jr. conveyed 131+ acres to [Appellant] John H. McDonald Sr.

The conveyance was subject to the 1977 Lease and excepted and reserved all the oil and gas rentals and royalties from the 1977 Lease to the heirs of Melvin M. McConnell and Hester L. McConnell.

On September 30, 2015, [Appellants] filed the Complaint. In response to the Complaint, [Appellees] have Counter-claimed seeking Declaratory Relief in favor of their rights. The matter is now before the [c]ourt on [Appellees'] Motion for Summary Judgment.

Trial Court Opinion and Order, 3/15/18, at unnumbered 1-3. At the conclusion of the hearing, the trial court found that there were no genuine issues of material fact, and it granted Appellees' motion for summary judgment. Id. at unnumbered 5. Appellants filed a timely notice of appeal on April 9, 2018.[1] Both the trial court and Appellants have complied with Pa.R.A.P. 1925.

It is well settled that an order granting summary judgment that disposes of all claims and all parties is immediately appealable. Smithbower v. Southwest Cent. Rural Elec. Co-op., Inc., 542 A.2d 140, 141 n.1 (Pa. Super. 1988). However, an order granting summary judgment that does not dispose of all claims and all parties is not final and appealable. Estate of Considine v. Wachovia Bank, 966 A.2d 1148, 1153 (Pa. Super. 2009); Pa.R.A.P. 341(b)(1).

_____

[1] Appellants filed a praecipe for the entry of judgment in this matter. Praecipe, 4/26/18. This praecipe for judgment was not necessary. Smithbower, 542 A.2d at 141 n.1. Nevertheless, Appellants' appeal was filed within thirty days of the entry of summary judgment, and it is therefore a timely appeal. Pa.R.A.P. 903(a).

Here, the record reflects that although Appellees sought summary judgment with respect to Appellant McDonald's claims in their entirety, Appellees sought only summary judgment on Counts III and IV involving trespass and ejectment with respect to Appellant Purman. Motion for Summary Judgment, 10/30/17, at 11. Thus, the issue of Appellant Purman's ten-percent interest in the land and demand for an accounting was not challenged by Appellees, and it was not disposed of by the trial court.[2] Id.; Complaint, 9/30/15, at Count II.

Because the claim for an accounting has not yet been addressed, we are without jurisdiction to hear this appeal. See Levitt v. Patrick, 976 A.2d 581, 588 (Pa. Super. 2009) ("If any claim remains outstanding and has not been disposed of by the trial court, then it does not matter whether the claim is classified as a counterclaim or a bifurcated claim, for the result is the same: this Court lacks jurisdiction to entertain the appeal[.]"). Therefore, we are

_____

[2] Appellees appear to recognize the lack of finality on this point:

> Accordingly, Appellant-Purman cannot maintain an action in trespass or ejectment against the McConnells or their lessee. Rather, assuming he can demonstrate his ownership interest, his only recourse is one in accounting for his fair share of the proceeds based on a reasonable royalty.

Appellees' Brief at 11.

constrained to quash the appeal and remand this matter to the trial court for further proceedings.[3]

Appeal quashed.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/10/2018

_____

[3] To the extent that the March 15, 2018 order states that it dismisses the complaint in its entirety, we reiterate that the issue of Appellant Purman's claims for an accounting relative to his interest in the land was not raised in the motion for summary judgment.  Thus, the trial court's order dismissing the complaint reveals that the trial court addressed the accounting issue in Count II sua sponte, without the issue being raised in the motion for summary judgment and without any discussion.  It is well settled that trial courts are not to act as advocates for the defendant.  Yount v. Pa. Department of Corrections, 966 A.2d 1115, 1119 (Pa. 2009).  When the trial court addresses an issue in favor of summary judgment sua sponte and grants summary judgment, it risks depriving the trial court of the benefit of advocacy on the issue, and it deprives the parties the opportunity to be heard.  Id.