J-A29043-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

PATRIZIA COSTA FREZZA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
ERMENEGILDO ELDO FREZZA :
:
Appellant : No. 1006 WDA 2019

Appeal from the Order Entered June 7, 2019
In the Court of Common Pleas of Allegheny County Family Court at
No(s): FD 13-006263-003

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: FILED JANUARY 07, 2020

Ermenegildo Eldo Frezza (Husband) appeals from the order entered in

the Court of Common Pleas of Allegheny County (trial court) directing Husband

and Patrizia Costa Frezza (Wife) to attend a hearing before the divorce master

for a determination regarding a marital bank account. We quash this

interlocutory appeal.

We take the relevant factual and procedural background of this case

from the trial court's August 21, 2019 opinion and our independent review of

the record. The parties married in April 1995 and Wife filed a complaint in

divorce seeking equitable distribution in February 2013. Following protracted

and contentious litigation and a two-day trial before the divorce master, the

_____

[*] Retired Senior Judge assigned to the Superior Court.

parties entered into a consent order resolving equitable distribution and support issues. The trial court entered a divorce decree on December 13, 2018, and it specifically retained jurisdiction over any claims raised by the parties for which a final order had not been entered. (See Divorce Decree, 12/13/18).

On June 7, 2019, Wife filed a petition for special relief, alleging in pertinent part that a bank account that she was to receive pursuant to the consent order, valued at $35,000.00 during equitable distribution proceedings, contained only $580.00. Wife further alleged that Husband transferred money out of this account in the months leading up to the proceedings and that he failed to disclose this. Husband filed a response claiming that Wife was the joint owner of the account, had access to it, and knew the balance during the proceedings. After oral argument, the trial court granted Wife's request for a hearing on the issue. Husband then filed this appeal contending that the trial court did not have jurisdiction to send this matter back to the master. This appeal followed. Husband and the trial court complied with Rule 1925. See Pa.R.A.P. 1925(a)-(b).

As a threshold matter, we must consider our jurisdiction over this appeal. "[T]he appealability of an order directly implicates the jurisdiction of the court asked to review the order." Estate of Considine v. Wachovia Bank, 966 A.2d 1148, 1151 (Pa. Super. 2009) (citation omitted). Accordingly, this Court has the power to inquire at any time, sua sponte,

whether an order is appealable, regardless of whether the parties raise the issue. See id.

"[A]n appeal lies only from a final order, unless permitted by rule or statute." Interest of L.V., 209 A.3d 399, 411 (Pa. Super. 2019) (citation omitted). Generally, a final order is any order that: "(1) disposes of all claims and of all parties[.]" Pa.R.A.P. 341(b)(1). "[A]n order is not final and appealable merely because it decides one issue of importance to the parties. Rather, for an order to be final and ripe for appeal, it must resolve all pending issues and constitute a complete disposition of all claims raised by all parties." AmerisourceBergen Corp. v. Does, 81 A.3d 921, 927 (Pa. Super. 2013), appeal denied, 97 A.3d 742 (Pa. 2014) (citation omitted; some emphasis in original). Nor does a claim that the trial court lacked jurisdiction to enter an order make an interlocutory order appealable.[1]

In this case, the trial court's order is not a final order, as it did not dispose of all claims and all parties. See Pa.R.A.P. 341(b)(1); (Order,

---

[1] There is no doubt that the trial court had jurisdiction to enter the order remanding to determine if its order of equitable distribution has been followed. 23 Pa.C.S. § 3502(e) provides:

> Powers of the court.—If, at any time, a party has failed to comply with an order of equitable distribution, as provided for in this chapter or with the terms of an agreement as entered into between the parties, after hearing, the court may, in addition to any other remedy available under this part, in order to effect compliance with its order: . . . .

- 3 -

6/07/19).  The trial court simply directed the parties to attend a hearing before the divorce master so that a determination could be made about the subject bank account.  Husband has the right to appeal the master's decision to the trial court in Allegheny County by filing exceptions under Pa.R.C.P. 1920.55-2.  The order is interlocutory on its face.

Husband, in his notice of appeal and in the Statement of Jurisdiction section of his appellate brief, appears to acknowledge that the order is interlocutory, and he avers that it is appealable as of right as an administrative remand pursuant to Pa.R.A.P. 311(f)(2).  (See Notice of Appeal, at 1; see also Husband's Brief, at 1, 11).

Pennsylvania Rule of Appellate Procedure 311 governs Interlocutory Appeals as of Right and provides:

> (f) Administrative remand.—An appeal may be taken as of right from: . . . (2) an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer that decides an issue that would ultimately evade appellate review if an immediate appeal is not allowed.

Pa.R.A.P. 311(f)(2).

We find no merit to Husband's contention that the trial court's order is immediately appealable as an administrative remand.  A divorce master is not an administrative officer.  See Black's Law Dictionary 989-90, 1113 (7th Ed. 1999) (defining term "master" as "A parajudicial officer specifically appointed to help a court with its proceedings.  A master may take testimony, hear and rule on discovery disputes and other pretrial matters . . . usually with a written

report to the court."; see also id., defining term "administrative officer" as "A ministerial or executive officer, as distinguished from a judicial officer.").[2] Further, there is no indication that Husband's issues would somehow ultimately evade appellate review as required by Rule 311(f).

In sum, we conclude that the trial court's order is interlocutory and unappealable. Consequently, we lack jurisdiction to review Husband's appeal. Accordingly, we quash this appeal.

Appeal quashed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/2020

---

[2] The note to Rule 311 provides the following examples of orders of administrative remands: "a remand by a court of common pleas to the Department of Transportation for removal of points from a driver's license; and an order of the Workers' Compensation Appeal Board reinstating compensation benefits and remanding to a referee for computation of benefits."

Pa.R.A.P. 311, Note.