J-S54002-19
J-S54003-19

2022 PA Super 130

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
:
:
v. :
:
:
:
BRENDAN PATRICK YOUNG : No. 2088 MDA 2018

Appeal from the Order Entered November 21, 2018
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0000784-2018,
CP-14-CR-0001389-2017, CP-14-CR-0001540-2018

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
:
v. :
:
:
:
:
DANIEL CASEY : No. 2089 MDA 2018

Appeal from the Order Entered November 21, 2018
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0000781-2018,
CP-14-CR-0001377-2017, CP-14-CR-0001536-2018

BEFORE: BOWES, J., LAZARUS, J., and DUBOW, J.

CONCURRING OPINION BY BOWES, J.: **FILED AUGUST 03, 2022**

J-S54002-19
J-S54003-19

Speaking for myself only, "unconstrained by majority authorship,"[1] I note that Pa.R.A.P. 902, the sole basis for our Supreme Court's determination that appeals violative of **Walker** need not be quashed, does not apply to all notices of appeal. I reiterate that the text of the rule is as follows:

> An appeal permitted by law **as of right** from a lower court to an appellate court shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by Rule 903 (time for appeal). Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken.

Pa.R.A.P. 902 (emphasis added). Indeed, the entirety of Chapter 9 of the Rules of Appellate Procedure, entitled "Appeals From Lower Courts," governs only appeals as of right, such as the appeals filed by the Commonwealth herein, and expressly excludes appeals "by permission taken pursuant to Pa.R.A.P. 1311." Pa.R.A.P. 901(2).

Critically, it was Rule 1311 through which Appellees sought to take their interlocutory appeal. The time and manner for pursuing such appeals by

---

[1] **Commonwealth v. King**, 57 A.3d 607, 633 n. 1 (Pa. 2012) (Saylor, J., specially concurring) (discussing the precedent for a special concurrence by the author of the majority opinion). **See also Commonwealth v. Pownall**, ___ A.3d ___, 17 EAP 2021, 2022 WL 2824741, at *17 n.1 (Pa. July 20, 2022) (Dougherty, J., specially concurring) ("It cannot be suggested that in cases where the author is the mere instrument of the Court he must forego expression of his own convictions." (quoting **Wheeling Steel Corp. v. Glander**, 337 U.S. 562, 576 (1949) (Jackson, J., specially concurring)).

permission is not governed by Rule 903, but rather by Chapter 13.  Instead

of a simple notice of appeal and proof of service, an appeal by permission

pursuant to Chapter 13 involves a far more complex back-and-forth petition

practice.  ***See*** Pa.R.A.P. 1301-1314.  This Court has observed that, "[w]here

an appellant seeking to appeal from an interlocutory order that is not

appealable as of right fails to adhere to the procedure outlined in the rules, an

appeal by permission is inappropriate." ***Estate of Considine v. Wachovia***

***Bank***, 966 A.2d 1148, 1153 (Pa.Super. 2009).  Significantly, **Chapter 13**

**contains no functional equivalent of Rule 902**.

Thus, although ***Walker*** applied to Appellees' appeals insofar as they

were initiated though Rule 312,[2] ***Young***'s ruling that Rule 902 provides an

---

[2] My esteemed colleagues are of the opinion that the Majority "paints with too broad a brush when it states that the ***Walker*** rule applies to appeals taken pursuant to Rule 312."  Concurring Opinion by Lazarus, J. at 3.  They suggest that the applicability of ***Walker*** to Rule 312 appeals is an open question that "is best saved for the Supreme Court or the Appellate Procedural Rules Committee." ***Id***. at 4.  With all due respect, my colleagues overlook that it is not only the law of this case but the law of this commonwealth that ***Walker*** applies to interlocutory appeals by permission pursued through Rule 312.  This Court expressly so held in disposing of Appellees' petition for permission to appeal in ***Commonwealth v. Casey***, 218 A.3d 429 (Pa.Super. 2019), explaining as follows:

> The . . . Commonwealth [in ***Walker***] had not presented any compelling argument as to why the rules relating to filing multiple appeals should differ under Rules 311(d) and 341(a).  Consonant with this conclusion, the ***Walker*** Court further directed its Appellate Procedural Rules Committee to amend the language of the Official Note to Rule 341 to state explicitly the requirement

*(Footnote Continued Next Page)*

avenue to correct **Walker** violations does not. Thus, the disparate treatment of these parties in the case *sub judice* is inherent in the Rules of Appellate Procedure, such that the High Court's Rule 902-based decision in **Young** would afford Appellees no relief even if their defective Rule 312 appeal had post-dated **Young**. Accordingly, Appellees' most strident argument against granting the Commonwealth relief in these appeals—that it would be unfair since they were not afforded the same opportunity—is wholly unpersuasive.

_____

that separate notices of appeal must be filed when a single order resolves issues arising on more than one lower court docket. It also directed that the rules relating to interlocutory appeals (Pa.R.A.P. 311-313) be conformed to Rule 341 in this regard. The instant petition, as explained above, comes to us pursuant to Rule 312. We therefore conclude that **Walker** is controlling here and that Petitioners' failure to file a separate appeal petition for each docket number is fatal to their petition for permission to appeal.

*Id*. at 431 (cleaned up). Thus, the Majority does not unnecessarily opine as to an unresolved legal question not at issue in this appeal. Rather, it addresses the arguments presented by Appellees by reference to precedent that is binding on this Court unless and until it is overturned or abrogated by a change to the Rules of Appellate Procedure.