J-A19036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ELIZABETH ENCARNACION AND LUIS RAUL RIVERA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BERKS COUNTY CHILDREN & YOUTH; ASHLEY ESPOSITO, ESQUIRE | : | No. 252 MDA 2022 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered January 19, 2022
In the Court of Common Pleas of Berks County Civil Division at No(s):
18-16831

BEFORE:   BOWES, J., STABILE and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED AUGUST 22, 2022**

Berks County Children and Youth and Ashley Esposito, Esquire (collectively "Appellants"), appeal from the Order dated January 14, 2022, and entered in the Court of Common Pleas of Berks County on January 19, 2022, denying Appellants' Petition to Vacate the October 18, 2021, contempt and custody Order which arises from a custody matter concerning grandparents Elizabeth Encarnacion and Luis Raul Rivera ("Appellees") and providing that "[a]rgument and/or hearing on the sanctions to be imposed shall be further heard on February 1, 2022, at 11:00 a.m., in Courtroom 9 of the Berks County Courthouse."  Following our review, we quash this appeal.

_____

* Former Justice specially assigned to the Superior Court.

The trial court detailed the facts and procedural history herein as follows:

## FACTS: Dependency Action

[Appellees], are the grandparents of three children whom they sought to have placed with them through Berks County Children and Youth (hereinafter, Agency) in dependency cases or receive custody of them in the above captioned custody action.

Agency's involvement with the family began in 2009. On July 7, 2017, Agency removed the children from the parents' home and placed them with relatives. On December 27, 2017, Agency placed the children in foster care with the future adopting parents. Another judge terminated mother's parental rights on January 27, 2020 and the father's parental rights on February 3, 2020. The Dependency Court action has been before the undersigned for many months.

## Grandparent Custody Action

[Appellees] filed this custody action on October 1, 2018. The custody action was re-assigned to the undersigned on February 6, 2020. The first judge assigned to this case held the case in abeyance pending further proceedings in the Dependency Court. On May 9, 2019, present counsel for [Appellees] entered his appearance for [Appellees] and petitioned for a hearing. The custody hearing was to be held on July 25, 2019, but the former judge again ordered the matter to be held in abeyance until the dependency proceedings were finished.

[Appellees] filed a Motion for Reconsideration on August 8, 2019. The judge granted the motion and continued the custody case to October 29, 2019 for a hearing, but no hearing was held. On October 31, 2019, the case was then reassigned to a second judge. No custody trial has been held.

On February 6, 2020, this case was assigned to the undersigned. This court scheduled the custody trial for April 24, 2020. The former solicitor for Agency and [Appellees'] attorney canceled the hearing because the parties were working on a settlement; however, no settlement agreement ensued. On January 12, 2021, [Appellees] filed a petition, "Plaintiffs' Petition to Amend Custody Matter to Include Latest Episodes that Involved

the Children at Issue and to Schedule a Custody Hearing." This court listed the matter for a hearing on February 10, 2021 at 1:30 p.m.

Agency notified this court on the morning of February 10, 2021 that it wished to meet with opposing counsel and the court. Ashley Esposito, Esquire, a new solicitor representing Agency, requested a continuance of the custody proceeding because she was not prepared to proceed. [Appellees] did not oppose the request because Attorney Gonzalez did not want to put Attorney Esposito at a disadvantage. Therefore, this court reluctantly continued the custody hearing to March 4, 2021.

Neither Attorney Esposito nor Agency informed either this court or Attorney Gonzalez that on February 16, 2021, just six days later, an adoption hearing had already been scheduled to be held before President Judge Thomas Parisi. On that date, the foster parents adopted the three children at issue and effectively ended this custody matter. On that same date, Judge Parisi's law clerk provided the only notice to the undersigned that the children had been adopted. The custody proceeding was now moot.

[Appellees] subsequently filed a Petition for Special Relief to Hold Agency and Ms. Esposito in Contempt. Agency filed a Motion to dismiss this petition, which this court denied. This court held a hearing on contempt. After the hearing and argument, this court found defendants in contempt. [Appellants] filed a Motion to Vacate the order, which this court denied. [Appellants] filed a timely appeal.[1]

Trial Court Opinion, 3/10/22, at 1-3.

Appellants present the following issues for this Court's review:

[1] Did the Trial Court abuse its discretion when it denied the Petition to Strike the October 18, 2021 Order.

[2] Did the Trial Court abuse its discretion when it concluded that it had jurisdiction over the Custody Matter, specifically, the [Appellees'] Petition for Contempt, after the adoption of the minor children was finalized.

_____

[1] Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

[3] Did the Trial Court abuse its discretion in finding that the evidence warranted a finding of civil contempt and sanctions against BCCYS and Ashley Esposito, Esquire.

[4] Did the Trial Court abuse its discretion when it determined that BCCYS was required to notify the Trial Court of the adoption proceedings in violation of 23 Pa.C.S. § 2910.

Brief for Appellants at 4.

Before we may reach the merits of the issues Appellants present for appellate review, we must determine whether the instant appeal is properly before us. "The appealability of an order directly implicates the jurisdiction of the court asked to review the order." *In re Estate of Considine v. Wachovia Bank*, 966 A.2d 1148, 1151 (Pa.Super. 2009). Thus, "this Court has the power to inquire at any time, *sua sponte*, whether an order is appealable." *Id.*

It is axiomatic that "[a]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313)." *In re Estate of Cella*, 12 A.3d 374, 377 (Pa.Super. 2010) (some internal citations omitted).

In addition, Pennsylvania Rule of Appellate Procedure 341 reads as follows:

**Rule 341. Final Orders; Generally**

**(a) General rule.** Except as prescribed in paragraphs (d) and (e) of this rule, an appeal may be taken as of right from any final order of a government unit or trial court.

**(b) Definition of final order.** A final order:

> (1) disposes of all claims and of all parties;
> (2) (Rescinded);
> (3) is entered as a final order pursuant to paragraph (c) of this rule; or
> (4) is an order pursuant to paragraph (f) of this rule [related to Post Conviction Relief Act order].

**(c) Determination of finality.**—When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the trial court...may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order. ...

Pa.R.A.P. 341(a)-(c) (effective July 1, 2021).

Herein, as the trial court stated, Appellees are the children's grandparents. Appellees filed the underlying custody action on October 1, 2018, which was held in abeyance in light of the dependency action that began in 2009. The parents of the minor children had their parental rights terminated, and the children were adopted by their foster parents. Appellees filed a petition to hold CYS and their counsel in contempt of court because Appellants did not notify Appellees or the custody court of the adoption proceedings.

The custody court entered an Order on October 18, 2021, finding Appellants in contempt of court and ordering the parties and the adoptive parents to appear for a hearing on November 19, 2021, to work out a visitation schedule. On November 10, 2021, Appellants filed a petition to vacate the October 18, 2021, Order. The trial court entered its Order on January 19, 2022, denying the petition to vacate, and scheduled the matter for another hearing on February 1, 2022, to hear additional argument and to make a determination as to sanctions to be imposed, if any. However, Appellants filed the instant appeal prior thereto on January 26, 2022.

In our *Per Curiam* Order of March 1, 2022, Order, this Court directed Appellants to show cause as to why the instant appeal should not be quashed as taken from an unappealable interlocutory order. We observed that "[i]t is unclear if the January 19, 2022, [O]rder is final or otherwise appealable. **See** Pa.P.A.P. 341(b)(1) ( A final order is any order that disposes of all claims and of all parties); Pa.P.A.P. 311; Pa.P.A.P. 312; Pa.P.A.P. 313[)]."

Appellants filed a response to this Court's March 1, 2022, Rule to Show Cause Order on March 10, 2022, asserting the instant appeal is properly before this Court pursuant to Pa.R.A.P. 311(a)(1), because the January 19, 2022, Order refused to open, vacate, or strike off a judgment.

Although the trial court determined in its Rule 1925(a) Opinion that the instant appeal should be denied on the merits, it observed that:

> a final hearing should be conducted to determine the degree, if any, of culpability, of Attorney Esposito and/or Agency. Such a

- 6 -

hearing was to be held on February 1, 2022 for testimony and argument on that issue, but [Appellants] immediately filed this appeal. The hearing was not conducted; thus, no sanctions were imposed.

Trial Court Opinion, 3/10/22, at 7-8.

Appellants' filing of the instant appeal on January 26, 2022, has precluded the trial court from being afforded an opportunity to hear additional testimony and argument from the parties pertaining to sanctions, to determine whether or not sanctions are in order with regard to Attorney Esposito, the Agency, or both, or to impose contempt sanctions pursuant to its January 14, 2022, Order. Therefore, the Order from which Appellants are appealing is not final, for it has not resolved all the contempt claims involving these parties.

Accordingly, we conclude that despite the trial court's determination that the instant appeal from its January 19, 2022, Order lacks merit, that Order is not a final, appealable order. Therefore, because this appeal is from an interlocutory, unappealable order, this Court lacks jurisdiction to address Appellants' claims. Accordingly, we quash the appeal.

Appeal quashed.  Case remanded.  Jurisdiction relinquished.[2]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2022

---

[2] An appellate court may affirm the decision of a trial court when it is correct on any basis, regardless of the basis upon which the trial court relied. *See Commonwealth v. Priovolos*, 746 A.2d 621, 626 n.6 (Pa.Super. 2000) (citation omitted).