J-S19018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RONALD KNEPPER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BENJAMIN SCHRANZE, JOSE A. | : | No. 2890 EDA 2019 |
| PARJUS, JP POWER COMPANY, | : | |
| RONALD A. STURGEON, PE, AND | : | |
| CHESMONT ENGINEERING CO., INC. | : | |

Appeal from the Order Entered August 29, 2019
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): No. 2016-09108

BEFORE: BOWES, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY McCAFFERY, J.: Filed: May 14, 2020

Ronald Knepper (Appellant) appeals from the order entered in the Montgomery County Court of Common Pleas granting summary judgment in favor of Jose A. Parjus and JP Power Company (collectively Appellees). Appellant contends the trial court erred when it granted Appellees' motion for summary judgment, and abused its discretion when it failed to permit additional discovery. For the reasons below, we quash this appeal.

The facts underlying this appeal are summarized by the trial court as follows:

> [Appellant] brought this action for damages against multiple Defendants including [Appellees,] claiming they unlawfully sought to exploit [Appellant's] invention of a water purification system.

* * *

[Appellant] alleged that he and Defendant Benjamin Schranze are owners of Bencor Teachnology, LLC ("Bencor"), which they formed pursuant to an LLC Operating Agreement dated November 27, 2011 ("the LLC Agreement"). The LLC Agreement provides that the "primary purpose" of Bencor was "[d]evelopment of proprietary technology and equipment for water treatment, waste water remediation, and other innovative technologies." [Appellant] and [ ] Schranze subsequently were awarded a patent for a residential wastewater purification system ("the System") and are listed as inventors and owners of the patent.

[Appellant] claimed that [ ] Schranze breached the LLC Agreement by developing a prototype of a water purification system in concert with [Ronald A. Sturgeon, PE and Appellees]. He further asserted that [Schranze, Sturgeon, and Appellees] excluded him from this business.

Trial Ct. Op., 12/20/19, at 1-2 (record citations omitted).

On May 5, 2016, Appellant filed a complaint asserting claims of breach of contract, civil conspiracy, and tortious interference with a contract against the following defendants: Appellees, Schranze, Sturgeon, and Chesmont Engineering Co., Inc. (Chesmont).[1] Appellant filed an amended complaint on July 29, 2016, and, on September 12th, obtained a default judgment against Schranze, who failed to respond.

On July 31, 2017, the trial court entered an order directing, *inter alia*, that all discovery be completed by December 15, 2017. Order, 7/31/17. The discovery deadline was extended three times, with the final order, entered on

_____

[1] Appellant averred that the other defendants built the prototype at Chesmont's facility in Exton, Pennsylvania, and that if the project succeeds, Chesmont will "be asked to provide [additional] engineering services[.]" Appellant's Amended Complaint, 7/29/16, at ¶¶ 20(a), 21.

April 30, 2018, extending the deadline until July 13, 2018.[2]  Order, 4/30/18.

On July 23, 2018, Appellant filed a motion for an additional 60-day extension,

citing difficulties in scheduling the parties' depositions.  **See** Appellant's Motion

for Further Extension of Deadlines in Court's April 30, 2018 Discovery

Management Conference Order, 7/23/18, at 3-6.  On July 26, 2018, both

Appellees and Sturgeon filed responses opposing any further extension of the

discovery deadlines.  On July 31st, Chesmont advised the court it took "no

position with regard to [Appellant's] motion."  Chesmont's Response to

Appellant's Motion for Further Extension of Deadlines in Court's April 30, 2018

Discovery Management Conference Order, 7/31/18.  The trial court did not

rule on Appellant's motion for an additional extension.

On October 19, 2018, both Sturgeon and Appellees filed motions for

summary judgment.  Relevant herein, Sturgeon averred, *inter alia*, that

Chesmont "settled out of the case on a joint tortfeasor basis," and attached

Appellant's response to interrogatories in which Appellant stated he executed

a written release with Chesmont, which paid him $4,000.  Sturgeon's Motion

for Summary Judgment, 10/19/18, at 4 n.1; Exhibit 4, Appellant's Response

and Objections to Sturgeon's First Set of Interrogatories, at ¶¶ 45-47.

---

[2] The April extension was requested by Appellant due to counsel's ongoing health issues.  Trial Ct. Op. at 2 n.2.  The trial court stated in its opinion that it granted the extension until July 13th based upon counsel's representation that the three month postponement would be "sufficient."  **Id.**

However, no *praecipe* to discontinue the action against Chesmont was filed of record. On January 18, 2019, the court held a hearing on the summary judgment motions. Thereafter, on January 29th, the trial court entered an order[3] granting summary judgment in favor of Sturgeon and Appellees "on all claims asserted against them[,]" and directed court administration to schedule a hearing for an "assessment of damages on the default judgment against . . . Schranze." Order, 1/29/19, at 1 (footnote omitted). The order did not refer to the claims against Chesmont.

On August 27, 2019, Appellant filed a *praecipe* to mark the case against Schranze "settled, discontinued and ended," which was docketed on August 29th. Appellant's Praecipe, 8/29/19. Thereafter, on September 24, 2019, Appellant filed a notice of appeal from the court's January 29th order granting summary judgment, made final by the August 29th discontinuance of the claims against Schranze[4]. **See** Pa.R.A.P. 341(b)(1) (a final order is one that "disposes of all claims and of all parties"). On October 30, 2019, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). No Rule 1925(b) statement is docketed or included in the certified record.

---

[3] The order was dated January 25, 2019.

[4] The January 29th order granted summary judgment to Sturgeon, as well as Appellees. However, on January 8, 2020, Sturgeon's counsel sent a notice of no interest to this Court, stating Surgeon had settled his claims with Appellant, entered a joint tortfeasor release, and thus would not be filing a brief in this appeal. **See** Sturgeon's Letter to Superior Court Prothonotary, 1/8/20.

Appellant raises the following two issues on appeal:

1. Whether the trial court committed an error of law when granting summary judgment based on the alleged failure by [Appellant] to produce evidence of actual damages?

2. Whether the trial court abused its discretion when it failed to permit further discovery?

Appellant's Brief at 6.

Before we address Appellant's substantive claims, we must determine whether we have jurisdiction to consider this appeal. "In this Commonwealth, an appeal may only be taken from: 1) a final order or one certified by the trial court as final [Pa.R.A.P. 341]; 2) an interlocutory order as of right [Pa. R.A.P. 311]; 3) an interlocutory order by permission [Pa.R.A.P. 1311]; or 4) a collateral order [Pa.R.A.P. 313]." *Estate of Considine v. Wachovia Bank*, 966 A.2d 1148, 1151 (Pa. Super. 2009) (citation omitted). An order granting summary judgment to fewer than all defendants does not fall into any of the classes of appealable orders.[5] *Id.* at 1152-53. Particularly with regard to Rule 341, an order is not final unless it disposes of "all claims and of all parties." Pa.R.A.P. 341(b)(1). Nevertheless, an order granting summary judgment to some, but not all defendants, is appealable after the claims against the remaining parties are resolved. *Gutteridge v. A.P. Green Services, Inc.*, 804 A.2d 643, 650 (Pa. Super. 2002) (order granting

---

[5] We note the trial court did not make an express determination of appealability pursuant to Pa.R.A.P. 341(c), nor did Appellant seek permission from the trial court to appeal pursuant to Pa.R.A.P. 1311(b).

summary judgment in favor of several, but not all, defendants appealable after "all parties [were] settled, dismissed by order of summary judgment, or bankrupt").

In the present case, the January 29, 2019, summary judgment order concluded the case against Appellees and Sturgeon. As noted **supra**, a default judgment was entered against Schranze on September 12, 2016. Although an assessment of damages was outstanding at the time summary judgment was granted as to the other defendants, Appellant later settled his claims with Schranze and entered a *praecipe* to discontinue as to this defendant on August 29, 2019. **See** Appellant's *Praecipe*, 8/29/19. Appellant's notice of appeal averred this matter became "final as to all defendants on August 29, 2019 when the Praecipe to Settle Discontinue and End . . . was entered . . . as to Defendant Benjamin Schranze." Appellant's Notice of Appeal, 9/24/19.

However, as the trial court noted in its opinion, "it appears that Chesmont remains a Defendant in this action." Trial Ct. Op. at 3 n.3. The court explained,

> [a]lthough [it] was informally notified during the course of the proceedings that [Appellant] has settled the claims against Chesmont, no discontinuance as to Chesmont has been entered on the docket.

*Id.* Indeed, Appellant acknowledges this in his brief, stating he "will shortly file a Praecipe to Settle Discontinue and End." Appellant's Brief at 6 n.6. Our review of the docket, however, reveals no *praecipe* to discontinue the action against Chesmont was ever filed. Thus, the claims against Chesmont remain

unresolved on the record, and defeat Appellant's attempt to render the January 29, 2019, summary judgment order final. Consequently, we have no jurisdiction to review the summary judgment order, and are constrained to quash this appeal. **See Considine**, 986 A.2d at 1152-53.

Moreover, we note that, in any event, it appears all of Appellant's claims are waived as a result of Appellant's failure to file a timely Rule 1925(b) statement. As noted **supra**, on October 30, 2019, the trial court ordered Appellant "to file on record . . . and serve upon" the court, within 21 days, a Rule 1925(b) statement, and advised that "[a]ny issue not properly included in the Statement timely filed and served shall be deemed waived." Order, 10/30/19. The docket indicates the order was sent to Appellant that same day. Docket Entry, 10/30/19. Thus, Appellant's Rule 1925(b) statement was due on November 20, 2019. **See** Pa.R.A.P. 108(b) (the date of entry of civil order is "day on which the clerk makes the notation in the docket that notice of entry of the order has been given").

In its opinion, the trial court states that although Appellant **served** the court with a Rule 1925(b) statement on November 25, 2019, "[i]t does not appear that the Concise Statement was **filed** of record with the Court." Trial Ct. Op. at 3 (footnote omitted and emphasis added). Our review of both the docket and certified record confirms this. Nevertheless, the trial court proceeded to address the claims purportedly raised in Appellant's concise statement. **See id.** at 7-10.

We note that even if Appellant **filed** a Rule 1925(b) statement on November 25th, the date the trial court received a copy, the statement would have been untimely. An *en banc* panel of this Court emphasized in **Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222 (Pa. Super. 2014) (*en banc*), that Rule 1925 is a "bright-line rule, such that 'failure to comply with the minimal requirements . . . will result in automatic waiver of the issues raised." **Id.** at 224 (citation omitted). These minimal requirements include **filing** the statement in the trial court and **serving** the statement on the trial judge **within the time-frame** provided for in the court's order. Indeed,

> [u]nder current precedent, even if a trial court ignores the untimeliness of a Rule 1925(b) statement and addresses the merits, those claims still must be considered waived: "Whenever a trial court orders an appellant to file a concise statement of [errors] complained of on appeal pursuant to Rule 1925(b), the appellant must comply in a timely manner."

**Id.** at 225 (citation omitted).

Here, the record reveals the trial court provided Appellant proper notice of its Rule 1925(b) order. Appellant does not dispute the trial court's statement that he failed to file a timely Rule 1925(b) statement. Accordingly, even if the order on appeal were final, we would be constrained to conclude he waived all his claims. **See Greater Erie**, 88 A.3d at 225-27.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/14/20</u>