J-A13045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| O.G., AN ALLEGED INCAPACITATED PERSON | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: GEORGE A. GEORGES AND JAMES A. GEORGES | : | No. 1585 EDA 2021 |

Appeal from the Decree Entered July 21, 2021
In the Court of Common Pleas of Delaware County
Civil Division at No(s):  268-2002

BEFORE:  OLSON, J., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED MAY 18, 2022**

Appellants, George A. Georges ("George") and James A. Georges ("James"), appeal *pro se* from the July 21, 2021 decree entered in the Delaware County Court of Common Pleas, concerning the guardianship of their mother, Olympia Georges ("Mrs. Georges").  For the following reasons, we quash the appeal.

The relevant facts and procedural history of this appeal are as follows.  On April 22, 2002, siblings James and Efthemia V. Stewart ("Mrs. Stewart") filed a petition for adjudication of incapacity and for appointment of a plenary guardian of the estate and person of their mother, Mrs. Georges.  On June 10, 2002, the court appointed Appellants and Mrs. Stewart as plenary co-guardians of their mother's person and estate.  On October 1, 2018, Mrs. Stewart filed a petition for review seeking, *inter alia*, an accounting from

Appellants of their mother's property and the removal of Appellants as guardians. Appellants filed an answer and counterclaim on October 22, 2018. Mrs. Stewart filed an answer to the counterclaim on November 13, 2018.

By agreement of the parties, following a hearing on December 17, 2018, the court appointed Jacquelyn S. Goffney, Esquire as guardian *ad litem* ("GAL") on behalf of Mrs. Georges. On February 11, 2019, Appellants filed a petition to disqualify Attorney Goffney as GAL, claiming Attorney Goffney had a conflict of interest. Following a hearing on February 13, 2019, the court removed Attorney Goffney as GAL and appointed Danial R. Coleman, Esquire as the successor GAL.

On March 21, 2019, Attorney Coleman filed a GAL's report concerning Mrs. Georges. Appellants filed a responsive report on March 25, 2019. Attorney Coleman issued a supplemental GAL's report on May 31, 2019. On June 3, 2019, Attorney Coleman recommended that Appellants and Mrs. Stewart be removed as plenary co-guardians of the person and estate of Mrs. Georges and replaced with a neutral, third-party guardian. Mrs. Stewart did not oppose removal, but Appellants opposed Attorney Coleman's recommendation. The court listed the matter for trial.

Trial began on November 14, 2019, and resumed on December 3, 2019. Due to the holidays, continuance requests, and the COVID-19 pandemic, trial was set to continue on June 26, 2020. The day before trial was set to resume, Appellants filed a joint petition for relief seeking to, *inter alia*, dismiss Mrs.

- 2 -

Stewart's petition for review. Following a hearing, the court denied Appellants' requested relief. On June 26, 2020, trial resumed but was not completed.

On November 23, 2020, Mrs. Stewart filed a petition for special relief seeking, *inter alia*, authorization to apply for a reverse mortgage on one of her mother's residences, permission to liquidate her mother's assets in Greece, and to have a home inspection performed on her mother's residence.

Appellants filed an emergency petition for special relief on December 14, 2020, requesting that Mrs. Stewart provide care to Mrs. Georges for 56 hours per week, or that Mrs. Stewart pay a reputable home care agency to care for Mrs. Georges 56 hours per week; and for the court to order a licensed therapist to provide family counseling.

On May 14, 2021, Mrs. Stewart filed an emergency petition for special relief seeking to remove Appellants as guardians and directing that they provide a detailed accounting of the assets in Greece, and that Appellants transfer all of Mrs. Georges' Greek funds to the United States, or, alternatively, that the GAL be permitted to take such actions. Based on allegations of co-mingling of assets, the court issued an order on May 17, 2021, prohibiting Appellants and Mrs. Stewart from dissipating any of Mrs. Georges' assets.

On June 7, 2021, Appellants filed a petition for special relief seeking to, *inter alia*, remove Mrs. Stewart as guardian, and retain Appellants as guardians of Mrs. Georges' person and estate.

Stemming from Mrs. Stewart's November 23, 2020 petition for special

relief, Appellants' December 14, 2020 emergency petition for special relief, Mrs. Stewart's May 14, 2021 emergency petition for special relief, and Appellants' June 7, 2021 petition for special relief, the court entered a decree on July 21, 2021, directing, *inter alia*: (1) Attorney Coleman to prepare and timely circulate a family care agreement to Mrs. Stewart and Appellants; (2) Appellants and/or Mrs. Stewart to take all actions necessary to timely facilitate communication between Attorney Coleman and the family attorney in Greece, so that Attorney Coleman could understand the process and consequences of liquidating assets in Greece and transferring them to a guardian account for Mrs. Georges' benefit; (3) Appellants and Mrs. Stewart to listen to any telephonic communication between Attorney Coleman and the lawyer in Greece but not to actively participate in those discussions, unless requested to do so by Attorney Coleman; (4) Attorney Coleman to seek guidance from appropriate professionals regarding tax/financial consequences as it pertains to movement of the assets in Greece; (5) George to issue a check immediately and payable to Mrs. Georges for assets he had transferred from Greek bank accounts into his own accounts; (6) Appellants to return to Mrs. Georges' estate all money they paid themselves for providing care to Mrs. Georges and which were funded by any Greek assets of Mrs. Georges; (7) George to provide an informal accounting of funds he transferred among Greek bank accounts; (8) the interested parties not to dissipate, lien, encumber and/or otherwise use Mrs. Georges' assets, absent Attorney Coleman's approval; (9)

Appellants and Mrs. Stewart not to photograph or videotape Mrs. Georges; (10) Appellants and Mrs. Stewart not to make disparaging, negative, or critical comments about each other in Mrs. Georges' presence; and (11) denying any outstanding claims, counterclaims and/or new matter applications relevant to the above-mentioned November 23, 2020, December 14, 2020, May 14, 2021, and June 7, 2021 filings. The decree stated that it was "without prejudice to any interested party still pursuing in the context of the…matter's ongoing trial that same type of relief[.]" (Order, 7/21/21, at 5).

On August 9, 2021, Appellants filed a notice of appeal. The court did not order Appellants to file a Pa.R.A.P. 1925(b) concise statement of errors, and Appellants filed none.

Preliminarily, "[t]he appealability of an order directly implicates the jurisdiction of the court asked to review the order." **In re Estate of Considine v. Wachovia Bank**, 966 A.2d 1148, 1151 (Pa.Super. 2009). As a result, "this Court has the power to inquire at any time, *sua sponte*, whether an order is appealable." **Id.** "An appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313)." **In re Estate of Cella**, 12 A.3d 374, 377 (Pa.Super. 2010) (some internal citations omitted).

Pennsylvania Rule of Appellate Procedure 341 states:

**Rule 341.  Final Orders; Generally**

(a)    **General rule.**  Except as prescribed in paragraphs (d) and (e) of this rule, an appeal may be taken as of right from any final order of a government unit or trial court.

(b)    **Definition of final order.**  A final order:

(1)    disposes of all claims and of all parties;

(2)    (Rescinded);

(3)    is entered as a final order pursuant to paragraph (c) of this rule; or

(4)    is an order pursuant to paragraph (f) of this rule [related to Post Conviction Relief Act order].

(c)    **Determination of finality.**—When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the trial court…may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case.  Such an order becomes appealable when entered.  In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.  …

Pa.R.A.P. 341(a)-(c) (effective July 1, 2021).

Specific to the appealability of Orphans' Court orders, Pennsylvania Rule of Appellate Procedure 342 provides, in pertinent part:

**Rule 342.  Appealable Orphans' Court Orders**

(a)    **General rule.**  An appeal may be taken as of right from the following orders of the Orphans' Court Division:

(1)    An order confirming an account, or authorizing or directing a distribution from an estate or trust;

(2)    An order determining the validity of a will or trust;

(3)    An order interpreting a will or a document that forms the basis of a claim against an estate or trust;

(4)    An order interpreting, modifying, reforming or terminating a trust;

(5)    An order determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust, or guardianship;

(6)    An order determining an interest in real or personal property;

(7)    An order issued after an inheritance tax appeal has been taken to the Orphans' Court pursuant to either 72 Pa.C.S. § 9186(a)(3) or 72 Pa.C.S.A. § 9188, or after the Orphans' Court has made a determination of the issue protested after the record has been removed from the Department of Revenue pursuant to 72 Pa.C.S. § 9188(a); or

(8)    An order otherwise appealable by Chapter 3 of these rules.

Pa.R.A.P. 342(a).

Instantly, the trial court explained:

This decree (July 21, 2021) was issued by the court in a reasoned effort to preserve the material status quo and allow the [GAL] to appreciate the specific financial situation of [Mrs.] Georges, including but not limited to the consequences of possibly relocating the Greek situated assets.

Even from a cursory review of the same and the relevant case record, it is clear the July 21, 2021 decree did not dispose of all claims and parties so as to satisfy any of the conditions necessary to be deemed a final order. *See* Pa.R.A.P. 341 and 342. Additionally, the decree did not give rise to an interlocutory appeal as of right under Rule 311.

> *See* Pa.R.A.P. 311 [(listing specific orders from which appeal may be taken as of right and without reference to Rule 341(c))]. Moreover, the decree is not appealable as a "collateral order" given that on the relevant case record [A]ppellants can make no credible argument that the "right involved is too important to be denied review and the question presented is such that if review is postponed until final judgement in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). Finally, this decree (July 21, 2021) being appealed does not reasonably and/or otherwise fit within any of the seven (7) categories of orders from which an appeal may be taken as of right pursuant to Pa.R.A.P. 342 nor is it an order that is otherwise appealable under Chapter 3 of the Rules of Appellate Procedure.

(Trial Court Opinion, 12/23/21, at 34) (internal footnotes omitted).

We agree with the court's analysis. As the trial court explained, "the trial in this matter has not yet concluded. This case is still in the evidentiary stage of the trial court proceedings." (*Id.* at 33). Because the Orphans' Court order in this case is not immediately appealable, we lack jurisdiction to address Appellants' claims.[1] Accordingly, we quash the appeal.[2]

Appeal quashed.

---

[1] On May 3, 2022, Appellants filed an application for oral argument. Based on our disposition, we deny Appellants' request.

[2] We also note that Appellants' brief contains numerous defects such that, even if we had jurisdiction, the issues would be waived for failure to comply with the relevant rules of appellate procedure. For example, Appellants fail to include a statement of questions presented on appeal. *See Smathers v. Smathers*, 670 A.2d 1159 (Pa.Super. 1996) (stating noncompliance with Rule 2116 is particularly grievous because statement of questions involved defines specific issues for review). To the extent Appellants' summary of the argument section contains the relevant issues presented, Appellants also did not cite relevant legal authority in support of each claim. *See* Pa.R.A.P. 2119 (discussing required content for argument section of brief).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/18/2022